IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Hickman, | Case No.: 4:24-cv-04250-JD-TER |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Mr. Lenox, River Park Senior Living, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 8), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Thomas Hickman's ("Plaintiff" or "Hickman") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Hickman, proceeding *pro se* and *in forma pauperis*, sued Defendants Mr. Lenox and ("Lenox") and River Park Senior Living ("River Park") (collectively "Defendants, alleging employment discrimination. Hickman contends that Lenox, his supervisor,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

"screamed and yelled" at him and "picked up a knife and started walking around continued to scream and yell disrespectfully towards [him]." And when Plaintiff told him that he could not do that to him, Lenox told Plaintiff to "just clock out and go home." (DE 1 at 6.) Plaintiff seeks loss of income for "the way and how [Lenox] spoke to [him]"—"loud[,] disrespectful[,] cussing (sic)[,] and screaming at [Hickman] in front of his co worker." (*Id.* at 7.)

However, Plaintiff did not indicate a date on which he filed a charge with the EEOC, nor does he allege he has been issued a Notice of Right to Sue letter from the EEOC. (DE 1 at 5.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on January 23, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without issuance and service of process. As to Defendant Lenox, the Report states:

> Defendant Lenox is not a proper party and subject to dismissal as discrimination claims cannot be pursued against individuals and liability is limited to the employer. *See Birkbeck v. Marvel Lighting Corp.* 30 F.3d 507, 510(4th Cir. 1994); *Lissau v. Southern Food Serv. Inc.,* 159 F.3d 177, 180-181 (4th Cir. 1998).

(DE 8 at 4.) As to Defendant River Park, the Report found:

> Plaintiff has no cognizable exhausted claim under Title VII or the ADEA without having filed a charge with the EEOC or without having a Notice

2

>of Right to Sue letter. Plaintiff's allegations of lack of exhaustion are plain on the face of the Complaint. Plaintiff's action is subject to summary dismissal as Plaintiff has not exhausted requirements with the EEOC.

(*Id.* at 3.) On January 15, 2025, Plaintiff objected to the Report. (DE 32.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Hickman filed an objection with the only narrative being, "The evidence will show a pattern of Mr. Lenox behavior with other staff members." (DE 10.) Hickman then includes purported text messages with Lenox regarding Lenox's behavior, i.e. yelling, cussing and "acting crazy." (*Id.* at 2—3.) Hickman supplements this information with a statement saying:

3

> In March 2024 I, Thomas Hickman was in a meeting at River Park Senior Living with Ms. Crystal in management and the defendant Mr. Lenox. I, Thomas Hickman told my side and Mr. Lenox told his side. Mr. Lenox admitted to raising his voice and he also admitted to picking up a knife.

(DE 13 at 2.) However, the purported evidence does not address the propriety of Lenox as a defendant in this action, since discrimination claims cannot be pursued against individuals and liability is limited to the employer, or Hickman's failure to exhaust his administrative remedies prior to filing suit. Therefore, Hickman's objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 8) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 14, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.